SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5256

January 16, 2019

Ryan M. Ernst, Esquire
O'Kelly Ernst & Joyce, LLC
Suite 1000
901 North Market Street
Wilmington, DE 19802

John A. Sergovic, Jr., Esquire
Sergovic Carmean Weidman
 McCarthy & Owens, P.A.
406 South Bedford Street
P.O. Box 751
Georgetown, DE 19947

2019 JAN 16 A 9 59
FILED PROTHONOTARY
SUSSEX COUNTY

Re:   *Think Architecture, LLC v. Cheer, Inc. and*
      *Cheer Apartments, L.P.*
      Civil Action No. S18L-08-050 ESB

Dear Counsel:

This is my decision on the Motion for Judgment on the Pleadings filed by

Defendants Cheer, Inc. and Cheer Apartments, L.P. against Plaintiff Think

Architecture, LLC in this mechanics' lien action involving the unbuilt Cheer Life

Care Village in Georgetown, Delaware. Think Architecture is an architectural firm.

Cheer, Inc. is the owner of 35 acres of land in Georgetown, Delaware. Cheer

Apartments is the owner of 6.2143 acres of land in Georgetown, Delaware. The lands

owned by Cheer, Inc. and Cheer Apartments are contiguous to each other. The Cheer

Life Care Village is an unbuilt facility that would lie within the lands of both Cheer,

1

Inc. and Cheer Apartments. Think Architecture alleges in its Complaint that Cheer, Inc. and Cheer Apartments contracted with RRR, LLC for a development project – presumably the Cheer Life Care Village – and that RRR, LLC in turn entered into a subcontract with Think Architecture for architectural services. Think Architecture further alleges that it prepared for RRR, LLC a Master Plan Design and Rendering of the Cheer Life Care Village for $40,414.31. Think Architecture seeks a mechanics' lien in the amount of $40,414.31 on the Defendants' lands. Think Architecture is entitled to pursue a mechanics' lien pursuant to 25 *Del. C.* §2702(b), which allows architects to pursue a mechanics' lien for "services rendered and labor performed and materials furnished by" them.

## STANDARD OF REVIEW

A party may move for judgment on the pleadings pursuant to Civil Rule 12(c).[1] In determining a motion under Civil Rule 12(c) for judgment on the pleadings, the Court is required to view the facts pleaded and the inferences to be drawn from such facts in a light most favorable to the non-moving party.[2] The Court must take the well-pleaded facts alleged in the complaint as admitted.[3] When considering a motion

---

[1] Superior Court Civil Rule 12(c).

[2] *Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund, II, L.P.*, 624 A.2d 1199, 1205 (Del. 1993).

[3] *Id.*

2

under Civil Rule 12(c), the Court also assumes the truthfulness of all well-plead allegations of fact in the complaint.[4] The Court must, therefore, accord plaintiffs opposing a Rule 12(c) motion the same benefits as a plaintiff defending a motion under Civil Rule 12(b)(6).[5] The Court may grant a motion for judgment on the pleadings only when no material issue of fact exists and the movant is entitled to judgment as a matter of law.[6]

DISCUSSION

1. <u>Improvements To Land Only</u>.

The Defendants argue that 25 *Del. C.* §2703 bars Think Architecture's Complaint for a mechanics' lien. Section 2703 provides:

> No lien shall attach in case the improvements are to the land alone, unless a contract in writing, signed by the owner or owners thereof, setting forth the names of all parties to the contract and containing a description by the metes and bounds of the land to be affected and by a statement of the general character of the work to be done, and of the total amount to be paid thereunder, and the amounts of the partial payments, together with the time when such payments shall be due and payable.

The Defendants argue that Think Architecture's architectural services were

---

[4] *McMillan v. Intercargo Corp.*, 768 A.2d 492, 500 (Del. Ch. April 20, 2000).

[5] *Id.*

[6] *Desert Equities, Inc.*, 624 A.2d at 1205.

improvements to land alone and that there is no written contract between the Defendants and Think Architecture. Think Architecture prepared a Master Plan Design and Rendering of the Cheer Life Care Village. This is a drawing showing the possible location of buildings, roads, parking lots, a lake, and storm water management pond. However, none of this has been built. Thus, in a physical sense, there have been no improvements to the Defendants' lands. Given this, the Defendants' argument fails.

2.    Timing.

The Defendants argue that Think Architecture did not file its Complaint in time. 25 *Del. C.* §2711(b) requires a mechanics' lien complaint to be filed within "120 days from the date from the completion of the labor performed or from the last delivery of materials furnished by them respectively." Think Architecture filed its Complaint on August 28, 2018. The Defendants allege that Think Architecture completed its work on January 31, 2018. This allegation is based on the date of Think Architecture's invoice to RRR, LLC. The invoice is actually dated January 31, 2017. Regardless of whether it is 2017 or 2018, Think Architecture's Complaint would be untimely based on the invoice date. However, Think Architecture's Complaint alleges that it finished its work on May 4, 2018, making its Complaint timely-filed. Given the conflict about the date of completion of Think Architecture's

4

work, I cannot rule on this argument at this time.

3.    No Bill Of Particulars.

The Defendants argue that 25 *Del. C.* §2712(b)(4) required Think Architecture to attach a bill of particulars to its Complaint.  The Defendants argue further that anyone filing a mechanics' lien complaint must file a bill of particulars unless they had a written contract directly with the owner of the structure.  In other words, the Defendants argue that all subcontractors must file a bill of particulars.  Think Architecture did not file a bill of particulars.  I do not read §2712 that way.  Section 2712 (b)(1)-(b)(4) state as follows:

> (b)    The complaint and/or statement of claim shall set forth:

> (1) The name of the plaintiff or claimant;

> (2) The name of the owner or reputed owner of the structure;

> (3) The name of the contractor and whether the contract of the plaintiff-claimant was made with such owner or his agent or with such contractor;

> (4) The amount claimed to be due, and, if the amount is not fixed by the contract, a statement of the nature and kind of the labor done or materials furnished with a bill of particulars annexed, showing the kind and amount of labor done or materials furnished or construction management services provided; provided, that if the amount claimed to be due is fixed by the contract, then a true and correct copy of such contract,

including all modifications or amendments thereto, shall
be annexed;

Under (b)(3) you can have a contract between the owner of the structure and a contractor and a contractor and subcontractor. The reference to "contract" in (b)(4) is not specific to just the contract between the owner of the structure and the contractor. Think Architecture complied with (b)(3) because it alleged in its Complaint that its contract was with the contractor, which was RRR, LLC. Think Architecture complied with (b)(4) because the amount due it from RRR, LLC was fixed by its contract with RRR, LLC and Think Architecture attached that contract to its Complaint. This interpretation of (b)(4) was followed in *A&E Drywall Services, LLC v. Eugene A. Delle Donne & Son, LP.*[7]

4.      Structures.

The Defendants argue that 25 *Del. C.* §2713 required Think Architecture to allocate its mechanics' lien claim across the "proposed" structures. Section 2713 states:

> In every case in which 1 claim for labor or
> materials is filed by the same person against 2 or more
> structures owned by the same person for building,
> altering or repairing 2 or more structures owned by the
> same person, the claimant shall, at the time of filing such
> joint claim, designate the amount which the claimant

---

[7]   2010 WL 4483233, at *4 (Del. Super. Oct. 29, 2010).

6

claims to be due to that claimant on each of such structures.

There are no structures on the property owned by the Defendants. There are only drawings of structures. Thus, there is no way for Think Architecture to allocate its mechanics' lien claim across non-existent structures.

5.    Qualification To Do Business.

The Defendants argue that Think Architecture is not authorized to use the Delaware courts because it was not qualified to do business in Delaware when it filed its Complaint. Think Architecture is a Pennsylvania limited liability company. 6 *Del. C.* §18-907(a) prohibits a foreign limited liability company from maintaining any action, suit or proceeding until it has registered to do business in Delaware. Think Architecture qualified to do business in Delaware on October 2, 2018. The Defendants argue that this is not sufficient, reasoning that Think Architecture had to qualify to do business within 120 days of completing its work. I disagree. The rule is that a foreign company that was not qualified to do business in Delaware when it filed suit may cure that defect by obtaining a current business license and complying with §18-907(a).[8] Think Architecture has done that.

---

[8] *Hudson Farms, Inc. v. McGrellis, III*, 620 A.2d 215, 216 (Del. 1993).

6.     Allocation Across Parcels.

The Defendants argue that Think Architecture had to allocate its mechanics' lien claim across the two parcels of land owned by the Defendants. I have concluded that the Defendants' argument does not recognize the unique realities of this case. The two parcels of land owned by the Defendants would both be used for the Cheer Life Care Village, which is an integrated facility. It appears that some of the buildings are located on both parcels. Certainly, the roads, parking lots, lake and storm water management pond are all shared. Put another way, the Cheer Life Care Village is not two separate and distinct facilities located on two separate parcels of land. Think Architecture alleges in its Complaint that it did work for one development project that sits on two parcels of land. Given the Complaint's allegations and the manner in which the Cheer Life Care Village is proposed to be built, any allocation of Think Architecture mechanics' lien across the Defendants' two parcels of land would be arbitrary.

This case is unusual in the sense that the services provided by Think Architecture are just drawings and that nothing has been built on the Defendants' lands. These drawings are typically used as a part of the land development process. As such, they have many uses, ranging from being used for obtaining the required government approvals to the actual construction of the project. Thus, the bigger issue

seems to be whether Think Architecture has actually provided any services to the Defendants that were, in the first instance, part of the alleged contract between the Defendants and RRR, LLC. Think Architecture alleges that it has done so. Whether it has done so and to what degree will have to be fleshed out through discovery.

## CONCLUSION

I have denied the Motion for Judgment on the Pleadings filed by Defendants Cheer, Inc. and Cheer Apartments, L.P. against Plaintiff Think Architecture, LLC.

IT IS SO ORDERED.

Very truly yours,

E. Scott Bradley

ESB:jwc

cc:     Prothonotary's Office

FILED PROTHONOTARY SUSSEX COUNTY 2019 JAN 16 A 9 59

9